IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
APRIL 2000 SESSION

## MONA ZAYYAT KOJA v. ABED SALAM  KOJA

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 148332-3     The Honorable Karen R. Williams, Judge**

---

**No. W1999-00993-COA-R3-CV - Decided July 28, 2000**

---

Wife was granted a divorce and received a division of marital property and alimony in futuro.  The trial court denied Wife attorney fees and expenses.  Wife has appeal.  The trial court's order denying an award of attorney fees and expenses is reversed.  The case is remanded for entry of an order awarding one-half of the attorney fees and expenses.

**Tenn.R.App.P. 3, Appeal as of Right; Judgment of the Circuit Court Reversed in Part and Remanded.**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which J. HIGHERS, and J. FARMER, joined.

Fred M. Ridolphi, Jr., Memphis, For Appellant

John B. Philip, Memphis, For Appellee

### OPINION

Plaintiff-appellant, Mona Zayyat Koja (Wife), appeals from the order of the trial court as part of the final decree of divorce that denied an award of attorney fees and expenses against defendant-appellee, Abed Salam Koja (Husband).

Parties were married in 1969 in Raka County, Syria and  came to the United States in 1974.  There were five children born of the marriage, two remained minors at the time of trial in October of 1996.  During the marriage, Husband obtained a medical decree and became board certified in neurosurgery. Wife's only source of income during the marriage was money provided by Husband and received as gifts from her family.

On March 7, 1995, Wife filed a complaint of divorce.  The complaint was answered by Husband on July 1, 1996.  A non-jury trial was held from October 28 through October 31, 1996.  At the time of trial, Husband was 49 years of age and Wife was 47 years of age. On December 11, 1996, a final decree of divorce was entered reserving the issue of an award for plaintiffs attorneys fees and

expenses.

In the final decree of divorce, the court found that Wife would not be employable in the near future and her earning capacity would be substantially less than Husband's earning capacity. The net marital assets totaled approximately $858,000.00. Wife asserts that Husband received approximately 60% of the marital assets, $499,551.70, and Wife received approximately 40% of the marital assets, $358,503.44[1]. Husband asserts that considering the debts he is required to pay, the percentages are closer to 37% to Husband and 63% to Wife. In dividing the assets the trial court ordered:

> The Court shall award to Mrs. Koja the property at 2796 Hunters Forest and the Bavarian Village condominium. The debts on these properties shall be paid for by Dr. Koja within ninety (90) days from the entry of this order in order that the properties will be received by Mrs. Koja free and clear of debt. All of the rest of the real estate, being as follows: 2816 Sugar Top, 2213 Sugar Top, both in Banner Elk, North Carolina; 213 Hillcrest, Bluefield, Virginia; 7133 Germantown Court, Memphis, Tennessee; 6757 Kirby Lawns Cove, Memphis Tennessee; 308 Surfside, Destin, Florida; 808 Wagner Place, Memphis Tennessee; Big Ridge property, Bland County, Virginia; and the Mercer County property shall all go to Dr. Koja.
>
> That the two (2) automobiles, being a 1991 Mitsubishi Galant and a 1986 Dodge Van shall be awarded to Mrs. Koja, with Dr. Koja instructed to repair each vehicle so that it is in running condition and that thereafter, the maintenance and upkeep shall be the responsibility of Mrs. Koja.
>
> Mrs. Koja is awarded all of the contents of the family home, including the property that had been removed and returned, with the exception that Dr. Koja is entitled to remove any family items which were wedding gifts from his family from those items. The necklace and bracelet that were in a lock box and retained by Mrs. Koja shall remain her separate property. Dr. Koja shall receive all the household furnishings in Bluefield, Virginia. Dr. Koja shall also receive the investments in the Physicians MRI; Southeast Processing; East Memphis MRI; and the Chappel (sic) Hill and Chappel (sic) Woods LP, I.R.G.P. Corporation. Mrs. Koja has spent 20 oz. of gold that will be assessed on her side.

---

[1] The court did not make a finding as to the value of assets, however Wife uses Husband's valuation in her brief indicating her acceptance of these amounts.

All the checking accounts at First Community Bank in Bluefield, Virginia, being account numbers 024460; 054835; 8569362; and 8536932, the First Tennessee Bank account number 98-4009878; and the Charles Schwab account shall all go to Dr. Koja. Mrs. Koja shall receive her personal checking account at First Tennessee Bank, account number 20-87888758. Mrs. Koja shall be awarded $50,000.00 of Dr. Koja's profit sharing plan, which shall be transferred by an appropriate Qualified Domestic Relations Order, which should be prepared by her counsel. Dr. Koja shall also pay to Mrs. Koja as a further division of marital assets, a cash payment of $34,000.00.

Dr. Koja shall pay to Mrs. Koja the sum of $3,000.00 per month as periodic alimony, which shall terminate upon her death or remarriage. That the Court has taken into consideration the potential cost for health insurance and has included a sufficient amount within the $3,000.00 monthly award for Mrs. Koja to obtain and provide her own health and medical insurance.

In dividing up the debts, Dr. Koja shall pay to Mrs. Koja, the sum of $2,800.00 for the Sears bill to cover the cost of the refrigerator and freezer. Dr. Koja, shall also pay the pool bill expenses introduced as evidence into this cause and the outstanding medicals that were introduced in this cause. He is further authorized to find a repair person of his choosing to put the 1986 Doge Van into running condition. Dr. Koja shall also retain the 12 place silver setting in his possession.

That the Plaintiff's attorney's fees shall be determined at a subsequent hearing....

A hearing on Wife's application for attorneys fees and expenses was held on March 9, 1998, and an order was entered denying Wife's application. On March 18, 1998, Wife filed Rule 52 and Rule 59 motions for an amendment or alteration of the judgment as to attorneys fees and expenses. The motions were denied by an order entered April 20, 1999. On appeal, Wife raises one issue for review as stated in her brief:

Did the court err in finding that Plaintiff/Appellant failed to demonstrate a need for Defendant/Appellees to pay her legal fees and expenses?

Wife asserts that the trial court erred in failing to make an award in her favor for attorneys fees and expenses, the amount of which is not challenged. Wife contends that Husband is in a far better position to bear her attorneys fees and expenses. Husband's combined income for 1993, 1994, and 1995 was $1,676,000.00, and in 1996, at the time of trial, his gross monthly income was

$35,000.00. Wife asserts that Husband is her only source of income, and that she did not work or further her education during the marriage because of the need for her to stay home and care for the children.

Husband is a practicing neurosurgeon and has a substantial earning capacity for many years to come. Wife asserts that she has no prospect of an income capacity and no separate property. The only moneys that Husband gave to Wife during the marriage were funds to maintain the household. During the 26-year marriage, Husband accumulated a number of properties, invested in the stock market, owned Arabian horses, and invested in other ventures that lost money. The record reflects that Husband was awarded six of the seven marital rental properties that generate approximately $69,000.00 annual income. In addition, Wife asserts that Husband has expended at least $30,000.00 of marital income on his legal fees. Consequently, Wife argues that she has paid approximately 40% of his legal fees and expenses.

Husband points out that the court awarded Wife $3,000.00 per month alimony in futuro, in addition to a $34,000.00 cash award, and a rental property generating $750.00 per month. Husband asserts that Wife's monthly expenses were calculated when Wife had custody of the two minor children, and with the alimony award and rental income, she shows no need for additional alimony. Wife is not required to pay any child support or travel expenses of the children. Husband contends that the trial court was correct in ruling that Wife had received adequate income, and that she was not entitled to an additional award of alimony to compensate for attorneys fees and expenses.

An award of attorney fees constitutes alimony in solido. *Herrera v. Herrera,* 944 S.W.2d 379, 390 (Tenn. Ct. App.1996); *Cranford v. Cranford*, 772 S.W.2d 48, 52 (Tenn. Ct. App.1989). The decision whether or not to award attorneys fees is within the sound discretion of the trial court and "will not be disturbed upon appeal unless the evidence preponderates against such a decision." *Kincaid v. Kincaid,* 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995); *see* Rule 13(d) Tenn. R. App. P.

As with any alimony award, in deciding whether to award attorneys fees as alimony in solido, the trial court should consider the relevant factors enumerated in T.C.A. § 36-5-101(d). A spouse with adequate property and income is not entitled to an award of alimony to pay attorneys fees and expenses. *Umstot v. Umstot* 968 S.W.2d 819, 824 (Tenn. Ct. App. 1997); *and Duncan v. Duncan*, 686 S.W.2d 568, 573 (Tenn. Ct. App. 1984). Where a spouse has property and income adequate for her needs, it may not be proper for the trial court to make an additional award of alimony in solido for payment of the wife's attorneys fees. *Id.*

"These awards are appropriate, however, only when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses," *Houghland v. Houghland,* 844 S.W.2d 619, 623 (Tenn. Ct. App.1992); *Ingram v. Ingram,* 721 S.W.2d at 264, or would be required to deplete his or her resources in order to pay these expenses. *Harwell v. Harwell,* 913 S.W.2d 163." *Brown v. Brown,* 913 S.W.2d 163, 170.(Tenn. Ct. App. 1994). Where one party has been awarded additional funds for maintenance and support and such funds are intended to provide the party with a source of future income, the party need not be required to pay legal expenses by using assets that will provide for future income. *Batson v. Batson*, 769 S.W. 2d 849, 862 (Tenn. Ct. App. 1988).

In *Herrera v. Herrera*, 944 S.W.2d at 391, this Court modified the trial court's judgment from a total award of $101,916.51.00 to an award of 50% of the wife's attorneys fees and expense. In modifying the judgement, this Court found that the wife was able-bodied and employable, having been trained and employed as a registered nurse. The husband was in financial straits evidenced by the fact that he filed bankruptcy and had significant support obligations as a result of this and a previous marriage. *Id.* In balancing the needs and means of the parties, this Court found it apparent that the husband had means to pay a portion of the attorneys fees and expenses and ordered that he pay one-half of the same. *Id.*

An award in the amount of $3,650 in attorneys fees was upheld by this Court in ***Tepedino v. Tepedino***, 1997 WL 832608 (Tenn. Ct. App. 1997). That case involved a 26 year marriage where the wife was 50 years old at the time of the divorce and had been a housewife and mother during the marriage. *Id.* at **5. The trial court awarded the wife assets totaling $403,503.28 and the marital residence. *Id.* The wife was to assume the mortgage on the residence. *Id.* In addition, to equalize the division of the marital estate, husband was ordered to pay the wife $42,817.05. The wife was awarded $3,000.00 alimony in futuro and $3,650.00 in attorneys fees[2]. *Id.* at **3. On appeal, this Court, *inter alia*, found no abuse of discretion in awarding fees. *Id.* In so ruling, the ***Tepedino*** Court noted that the wife did have some ability to earn a living as she had a bachelor's degree in English with a minor in education and four years experience. *Id.* at **5.

In ***Haren v. Haren***, 1998 WL 10358 (Tenn. Ct. App. 1998), the Court granted the wife a divorce on the grounds of inappropriate marital conduct and awarded the parties joint custody of the children. The husband received 60% and the wife received 40% of the marital estate, valued at $1,750,000.00. *Id.* at **1. In addition to an award of rehabilitative alimony of $2,000.00 a month for forty-eight months, the wife, who had completed three years of college but had not worked outside the home during the marriage, received $10,000.00 attorneys fees. *Id.* **3 - **5. On appeal, the trial court, *inter alia*, affirmed the award of attorneys fees.

In the instant case, the trial court ordered alimony stating in pertinent part:

> Dr. Koja shall pay to Mrs. Koja the sum of $3,000.00 per month as periodic alimony, which shall terminate upon her death or remarriage. That the Court has taken into consideration the potential costs for health insurance and has included a sufficient amount within the $3,000.00 monthly award for Mrs. Koja to obtain and provided her own health and medical insurance.

In denying Wife's application for attorney fees, the court stated in pertinent part:

---

[2] The trial court had originally awarded the wife $16,000.00 in attorneys fees, but reduced the amount after a hearing in which the court learned that the wife had paid a portion of her attorneys fees with marital assets.

The Court finds by the terms of the Final Decree that the wife received without debt the family home valued at $260,000.00 to $285,000.00, the Memphis apartment valued at $65,000.00 to $70,000.00 plus most of the contents of the home, $50,000.00 of 401K plan and $34,000.00 cash. Additionally, based on the factors contained in T.C.A. § 36-5-101-(d), the Court awarded her $3,000.00 a month as alimony in futuro. However, because Mrs. Koja has received a substantial personal estate from the marital assets and future income through alimony and a parcel of income producing property, she has not demonstrated a need for her former husband to pay her suit expenses. In light of the ruling of *Umstot v. Umstot* and other cases, plaintiff's application for attorney fees is denied.

At the hearing below Wife testified that she had incurred attorneys fees in the amount of $30,484.41 in obtaining her divorce. The record contains an affidavit filed by Wife's attorney, Mr. Ridolphi, indicating that Wife owes his office the sum of $26,845.00 representing fees and $3,639.41 representing expenses for a total of $30,484.41. Wife's attorney states in his affidavit that all legal work was necessary to prepare this case for trial, which was conducted in two phases, the first stage for temporary custody, and the second stage for a trial on the merits. In total the trial lasted a portion of nine or ten days in court. Fees also included efforts by Wife's attorney to challenge Husband's initial motion to have the case dismissed based upon an alleged Syrian divorce. In addition, Joe M. Duncan and David E. Caywood, both attorneys practicing in Memphis in the field of domestic relations, filed separate affidavits, each stating that he had reviewed the billing records and discussed the case with Mr. Ridolphi, and that the expenses sought to be recovered are reasonable, necessary, and in keeping with similar charges in this legal community. The affidavits are unopposed.

Wife has received a substantial portion of the marital estate and adequate income to maintain the life style that she enjoyed during the marriage. Wife, however, has the additional expense of providing for her own health and medical insurance, a fact that the trial court noted in awarding her alimony. Wife appears to have little opportunity in the work force, as she stayed home with the children for the entire length of the marriage and has no vocational training. In addition, Wife appears somewhat limited in her ability to speak and understand the English language. Although Dr. Koja will have the added responsibility of caring for his two minor children, the record indicates that he has ample means, and that he will continue to prosper in his medical practice.

In denying Wife's application the trial court cited *Umstot v. Umstot*, 968 S.W.2d 819 (Tenn. Ct. App. 1997), a case decided by this Court in which the wife was denied an award of attorneys fees. However, *Umstot* is distinguishable from the instant case. The wife in *Umstot, supra,* had separate assets, a greater monthly net income than that of the husband, and $479.00 per month in child support. *Id.* at 824. Mrs. Koja does not share the financial independence of Mrs. Umstot.

Need and the ability to pay are the critical factors in setting the amount of an alimony

award. ***Smith v. Smith***, 912 S.W.2d 155, 159 (Tenn. Ct. App. 1995).  After balancing the need and the means of the parties, it appears that, although Mrs. Koja received a substantial portion of the marital assets and an ample award of alimony in futuro, she continues to have some need of assistance in paying her attorneys fees to avoid a depletion of the assets that the trial court awarded for her future support.  Dr. Koja has means to provide a portion of Mrs. Koja's attorneys fees.  Therefore, the two critical factors in setting an award of alimony in solido for attorneys fees are met.

Accordingly, the order of the trial court denying an award of attorney fees and expenses is reversed, and the case is remanded to the trial court with instructions to enter an order awarding plaintiff $15,242.00, as one-half of the fees and expenses.  Costs of this appeal are assessed against the Appellee, Dr. Abed Salam Koja.

 

 

_____
W. FRANK CRAWFORD, PRESIDING
JUDGE, W.S..