IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2001 Session

# KARMEN DOLOROUS LANE v. RICHARD ROLAND LANE, III

A Direct Appeal from the Circuit Court of Davidson County
No. 98D-1571     The Honorable Muriel Robinson, Judge

_____

No. M2000-01135-COA-R3-CV - Filed November 30, 2001

_____

This appeal challenges an award of child support which did not include private school tuition of the minor daughter, a division of property that did not take into account alleged dissipation of assets by the husband, a child support award that did not deviate upwards from the Guidelines because of lack of visitation, and a finding of criminal contempt. Also at issue is whether the trial court erred in awarding alimony *in futuro* rather than rehabilitative alimony. We affirm the judgment of the trial court with respect to all issues except to hold that pursuant to the Tennessee Child Support Guidelines, private school tuition is an "extraordinary educational expense" which husband obligor must pay.

**Tenn. R. App. P. 3; Appeal as of Right: Judgment of the Circuit Court is affirmed as modified**

JOHN A. TURNBULL, Sp. J., delivered the opinion of the court in which BEN H. CANTRELL, J. and WILLIAM BRYAN CAIN, J., joined.

D. Scott Parsley, Joshua G. Strickland, Nashville, TN, for Appellant, Karmen Dolorous Lane

John J. Hollins, Nashville, TN, for Appellee, Richard Roland Lane, III

## OPINION

This is a story of the wreck of a family; of a 28 year marriage run aground by the unfaithful conduct of the husband; battered by waves of bitterness of the wife; and destroyed by the involvement of a child in a maelstrom of recrimination.

### I. Background

Karmen Dolores Lane (wife) and Richard Roland Lane, III, (husband) were married on July 14, 1972. They have two daughters. The younger, Blair, was born February 8, 1983, and was the only unemancipated child at the time of the divorce on April 28, 2000.

The husband's extra-marital affair led to the separation of the parties in March, 1999. The wife's pain overflowed into bitterness and Blair, who previously had a close relationship with her father, became estranged from him. The husband's efforts to reapproach and maintain contact with his daughter were rebuffed. When Mr. Lane was hospitalized for 3 days in June, 1999, for cancer surgery, neither wife nor daughters supported him. Instead, the wife made inquiry about his life insurance. Shortly thereafter, Blair told her father that she had prayed for him to die during his cancer surgery. The trial court found that the wife had told Blair about her husband's extramarital affair in order to alienate her daughter's affections from husband.

The husband's dishonesty about his extra-marital affair was amply demonstrated at trial, and the trial court found him not be a credible witness. The trial court did, however, accept the husband's testimony regarding his alleged dissipation of $90,000.00 of assets during the separation of the parties. Wife failed to convince the trial judge that any dissipation had occurred. After dividing the marital property equally, leaving each party with assets having a value of $301,362.50, the trial judge ordered alimony *in futuro* in the amount of $1,500.00 per month until death or remarriage. Child support, pursuant to the guidelines, was set at $1,424.00 per month. Finally, the trial court ordered husband to pay $6,000.00 toward wife's attorney fees. In a later contempt proceeding, wife was found guilty of criminal contempt and sentenced to two days in jail for willfully refusing to obey the court's order giving the husband access to the home to retrieve his personal property. Wife was also required to pay husband's attorney fees of $1,500.00 associated with the contempt.

On this appeal the wife claims the trial court erred in:

1. Failing to order husband to continue to pay private school tuition;
2. Failing to find husband had dissipated assets;

2

3. Failing to deviate upward from the child support guidelines as a result of husband not visiting the child;

4. Failing to award all the attorney fees claimed by the wife; and

5. Finding the wife in willful criminal contempt of court, sentencing her to 2 days in jail, and ordering wife to pay attorney fees associated with the contempt hearing.

Husband claims error in the award of alimony *in futuro* rather than rehabilitative alimony.

## II. Private School Tuition

The trial court declined to require the husband to pay the private school tuition of the minor daughter who had, at the choice of the parents, attended David Lipscomb since kindergarten. At the time of the divorce, the daughter had one year remaining before high school graduation. The decision by the trial court was made prior to the publication of *Barnett v. Barnett*, 27 SW3d 904 (Tenn. 2000) in which the Tennessee Supreme Court held that private school tuition is an "extraordinary educational expense" under the Tennessee Child Support Guidelines. The Court stated:

> The guidelines' use of the word "shall" leaves a trial court no discretion in adding extraordinary educational expenses to the obligor's computed percentage ... We conclude that: [1] the guidelines contemplate private school tuition to be an 'extraordinary educational expense' because the tuition exceeds or departs from the cost of public schooling; and that [2] the amount of the expense must be added to the obligor's percentage of child support computed under the guidelines. *Barnett*, p. 907. [emphasis added]

The *Barnett* court further held that a trial court could only deviate from the guidelines (e.g. percentage plus tuition) "in order to provide for the best interest of the child(ren) or the equity between the parties" and were thus rendered unjust or inappropriate in a particular case. *Barnett*, Id. p. 907, 908. The court did conclude, however, that to achieve equity between the parties, . . . "it is appropriate to consider the income of the 'custodial parent' in considering a downward deviation from the total child support award (percentage plus extraordinary educational expense). . ." Here, the father's projected income of $120,000.00 per year, the mother's income of $24,000.00 to $25,000.00 per year, and the respective disparity in ability to pay do not render the requirement to pay all the tuition financially "unjust or inappropriate."

As unpalatable as it may seem to require the payment of private school tuition of a child who prayed that her obligor father would die from his level III Clark melanoma, we see no valid financial grounds for downward deviation in this case. The presumption that the percentage amount of child support plus extraordinary educational expense is the correct amount of child support has not been rebutted. The trial court's order will be modified to require payment of the tuition for the school year 2000-2001.

### III. Upward Deviation Due to Lack of Visitation

Wife argues that the base amount of child support of $1,454.00 per month based on the Tennessee Child Support Guidelines should be increased due to husband's lack of visitation with his child. The husband has made significant efforts toward improving the relationship with his daughter. His efforts have been rebuffed by the daughter who has chosen no visitation. The trial court judgment did not provide any residential parenting time for the father. Since we have ordered the payment of private school tuition by the father, and since the father's desire for visitation has been rejected by his 17 year old daughter, we find no justification for any further increase in child support.

### IV. Dissipation of Assets

The determination of marital property and the value of a party's interest in that property are questions of fact. *Cutsinger v. Cutsinger*, 917 S.W.2d 238 (Tenn. Ct. App. 1995). The trial court examined the wife's claims that husband had dissipated $90,000.00 of assets after the separation, and the husband's explanation. The decision of the trial court on this issue necessarily required a credibility judgment by the trial judge regarding the husband's explanation. Because the trial judge had found the husband lied about his extramarital affair on the witness stand, wife argues that his testimony and explanation of the dissipation of assets must also be disregarded. It is not necessarily so. The trial court, as the finder of fact, often must determine the credibility of a witness. The fact that a witness lies about one important fact may lead to the conclusion that the witness lied about all material facts. Such a conclusion is not mandatory, and the finder of fact may decide that a witness lied about some things, but told the truth about others. *Tenn. Central R. Co. v. Morgan*, 132 Tenn. 1, 175 S.W. 1148 (Tenn. 1915); T.P.I. 3 - Civil 2.22. We will not second-guess the trial court's fact and credibility driven decision on the dissipation issue. See, *Manis v. Manis*, 49 S.W.3d 295 (Tenn. Ct. App. 2001).

### V. Alimony and Attorney Fees

Since the trial court's decision on alimony and attorney fees are interrelated, we will address these issues together. The trial court's exercise of discretion on each issue will not

be disturbed on appeal unless the evidence preponderates against the award. See, *Burlew v. Burlew*, 40 S.W.3d 465 (Tenn. 2001); *Koja v. Koja*, 42 S.W.3d 94 (Tenn. Ct App. 2000). An award of alimony *in futuro* has the purpose of aiding the disadvantaged spouse in becoming and remaining self-sufficient and, when economic rehabilitation is not feasible, to mitigate the harsh economic realities of divorce. The amount of alimony should not leave the party obtaining the divorce in a worse financial condition than she was in before the opposite party's misconduct brought about the divorce. See *Burlew*, supra, p. 471. Since an award of alimony *in futuro* lacks sum certainty, is subject to modification, and its duration may be affected by contingencies, it is especially applicable to cases where, as here, the obligor's health may necessitate future modification. See *Waddey v. Waddey*, 6 S.W.3d 230, 232 (Tenn. 1999), *Burlew,* 40 S.W.3d 465, 471. The husband argues that an award of rehabilitative alimony should have been made rather than alimony *in futuro*. However, the trial court found that wife had reached her full earning potential, and there remained a great disparity between her earning potential and that of husband. Considering the paramount criteria of need and present ability to pay, we will not disturb the trial court's exercise of discretion. The award of $1,500.00 per month alimony until death or remarriage is affirmed. Neither do we see any justification for altering the award of partial payment of wife's attorney fees.

## VI. Contempt

The final issue involves the finding by the trial court of willful criminal contempt by the wife in refusing to allow husband access to the residence to retrieve his personal property and effects. Wife claims she did not understand the court's order of access to include husband's right to enter the home. However, witnesses to the unhappy event quote the wife as saying she did not care what Judge Robinson's order said, Mr. Lane was not coming into the house.

To find criminal contempt, a court must find the behavior, disobedience, resistance, or interference to be willful. T.C.A. sec. 29-9-102. The finding must be based on proof beyond a reasonable doubt, and the act must offend the court in its administration of justice. See, *Graham v. Williamson*, 164 S.W. 781 (Tenn. 1914). Since the testimony of the witnesses was in conflict, the trial court, of necessity, was required to make a credibility finding. The witnesses who quoted the wife's willful refusal to obey the court's order were believed by the trial judge. We are not in a position to re-weigh those credibility findings. Accordingly, we affirm the finding of contempt, the two day jail sentence for the wife, and the award of attorney's fees occasioned by the contempt hearing.

5

Conclusion

For the reasons discussed above, we affirm the trial court's judgment on all issues except for the failure of the trial court to require private school tuition to be paid by the obligor father as now required by *Barnett v. Barnett*, 27 S.W.3d 904 (Tenn. 2000). The cause is remanded to the Circuit Court for enforcement of the judgment as modified. Costs on appeal assessed equally between the parties.

_____
**John A. Turnbull, Sp. Judge**