IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 17, 2003 Session

## PAGE J. FARNSWORTH v. SIDNEY W. FARNSWORTH, III

**Direct Appeal from the Chancery Court for Shelby County**
**No. D30748-III    D. J. Alissandratos, Chancellor**

---

**No. W2002-01536-COA-R3-CV - Filed February 9, 2004**

---

This case involves the property of a divorced couple and the award of attorney's fees to the former wife. For the following reasons, we vacate the decision of the trial court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Aubrey L. Brown, Jr., Memphis, TN, for Appellant

Kimbrough B. Mullins, Kay Farese Turner, Memphis, TN, for Appellee

**OPINION**

**Facts and Procedural History**

Sidney W. Farnsworth, III ("Husband") and Page J. Farnsworth ("Wife") were married in 1983. The two lived in a house ("the Humes residence") in Memphis in which Husband held equity and owned before the marriage. At the time, Husband worked as an insurance company underwriter, and Wife was, and continues to be, a speech pathologist. As an underwriter, Husband's income was approximately $30,000 per year. Subsequently, Husband decided he wished to change vocations and chose to attend law school to become an attorney, a decision Wife supported. In 1985, Husband and Wife moved to Nashville so that Husband could attend Vanderbilt University to earn his law degree.

While Husband attended law school, the parties rented their house in Memphis, a task for which Wife assumed most of the responsibility. In addition, Wife also handled the renting of the parties' upstairs as an apartment in their Nashville home in order to pay for part of the Nashville

home's rent. Wife performed the household chores, providing Husband with time and energy for his studies. Wife also worked two jobs in the speech pathology field to ensure the parties had enough income to support themselves. While in law school, Husband worked as a law clerk one summer and another summer worked for an insurance firm. Husband completed law school at Vanderbilt and graduated in 1988. Upon graduating, the parties moved back to Memphis and resumed living in the Humes residence where they continued to reside until separating in 1999.

The parties returned to Memphis where each worked in their respective fields, with Wife working as a speech pathologist and Husband attaining employment at the law firm, Armstrong, Allen, PLC, and eventually became a member of that firm. Aside from periodic increases, Wife's maximum earning capacity is approximately $47,000 per annum, and Husband's current earning capacity is approximately $100,000 per annum.[1]

As for the parties' separate property, the evidence at trial showed a sizable disparity. While Wife testified she held separate property mostly in the form of jewelry valued at approximately $20,000, Husband admitted to holding an account in Salomon Smith Barney of assets worth almost $300,000, which he received as a gift from his mother. The parties agreed that the Humes residence held a fair market value of $90,000. In addition, the parties had accumulated over $300,000 in marital property. Finally, the parties had incurred debts from credit cards, a second mortgage on their home, and various fees for attorneys and the guardian ad litem for this cause.

In July 1999, Wife commenced this divorce action alleging grounds of irreconcilable differences and later amending her complaint to include fault grounds of inappropriate marital conduct. Husband answered and filed a counter-complaint for divorce in October 2000. A three-day trial was held in the Shelby County Chancery Court in February 2002, after which the trial court granted the parties a divorce,[2] ordered a division of the marital property in a 60/40 split for the Wife and Husband respectively,[3] and allocated most of the parties' marital debt to the Husband.[4] Additionally, the trial court prorated the guardian ad litem's fees and ordered Husband to pay all of Wife's attorney's fees. Because Wife had not received any payments for her attorney's fees, she moved the court to set payments on this award, and the court below set the amount of Husband's monthly payments, adjusting the amount to account for the interest and additional fees accrued since

---

[1] Armstrong, Allen, PLC, utilizes a point system for determining how much income each member receives. Although there was testimony that Husband's income was about to be reduced by Armstrong Allen due to Husband's diminished productivity, the trial court below found, and this Court has no reason to disagree, that Husband's earning capacity per annum is $100,000.

[2] The parties stipulated the grounds of divorce.

[3] The Court below specified that a sum of $10,000 of Wife's marital property was to be used to purchase a more modern, safer car in the interests of the parties' minor child, and that Wife was to use her portion of the equity of the Humes residence towards the purchase of a new home.

[4] The trial court also addressed issues concerning the parties' minor child, however, those issues are not presented to this Court on appeal.

the final divorce decree. Husband timely appealed from the final divorce decree and presents the following issues for our review:

I.. The trial court erred in its property division because, as a result of the allocation of marital debt, the de facto result of the property division resulted in an inequitable disparity;

II. The trial court abused its discretion when it awarded Wife all of her attorney's fees; and

III. In the alternative, the trial court erred when it modified the amount of attorney's fees owed to Wife in its order to set payments when such modification was not pursuant to the procedure of Rules 59 or 60 of the Tennessee Rules of Civil Procedure.

Wife presents the following additional issue for this Court's review:

IV. Husband should be ordered to pay Wife's attorney's fees from this appeal.

For the following reasons, this Court vacates the decision of the trial court and remands this cause for further proceedings consistent with this opinion.

**Standard of Review**

Our review of a trial court's marital property division is *de novo* upon the record with a presumption of correctness accorded to the trial court's findings of fact. Tenn. R. Civ. P. 13(d); *Dellinger v. Dellinger*, 958 S.W.2d 778, 780 (Tenn. Ct. App. 1997) (citing *Haas v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984); *Dalton v. Dalton*, 858 S.W.2d 324, 327 (Tenn. Ct. App. 1993)). We are mindful that trial courts are given wide discretion by appellate courts for the manner in which they divide marital property, and, therefore, such divisions are given great weight by appellate courts on appeal. *Dellinger*, 958 S.W.2d at 780 (citing *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994); *Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987)). Additionally, the award of attorney's fees in a divorce action is within the discretion of the trial court and appellate courts will not interfere with such awards unless there is a clear showing of an abuse of that discretion. *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995) (citing *Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. Ct. App. 1992); *Crouch v. Crouch*, 385 S.W.2d 288, 293 (Tenn. Ct. App. 1964)). Finally, all questions of law warrant a *de novo* review by this Court with no presumption of correctness given to the trial court. *Alford v. Alford*, No. E2001-02361-SC-R11-CV, 2003 Tenn. LEXIS 1046, at *5. (Tenn. Nov. 6, 2003) (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

## Property and Debt Division

Husband first argues that the trial court erred when it divided the marital estate, awarding Wife 60% and Husband 40% of the property. Specifically, Husband argues that the trial court created an inequitable disparity in this division when the allocation of the marital debt is considered. When a trial court divides the marital property of a former husband and wife, it must consider certain factors in making its division as required by Tenn. Code Ann. § 36-4-121(c) (2003).

> In making equitable division of marital property, the court shall consider all relevant factors including:
> (1) The duration of the marriage;
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
> (4) The relative ability of each party for future acquisitions of capital assets and income;
> (5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
> (6) The value of the separate property of each party;
> (7) The estate of each party at the time of the marriage;
> (8) The economic circumstances of each party at the time the division of property is to become effective;
> (9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;
> (10) The amount of social security benefits to each spouse; and
> (11) Such other factors as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-4-121 (c) (2003)

"Marital debts" have been defined by our Supreme Court as "all debts incurred by either or both spouses during the course of the marriage up to the date of the final divorce hearing." *Alford*, 2003 Tenn. LEXIS 1046, at *8. "Unless a court has made provisions for the distribution of property in a decree of legal separation, a period of separation before divorce has no effect on the classification of debt as marital or separate." *Id.* at *9-10 (footnote omitted). Once it is determined

that a debt is marital, a trial court should consider the following four factors in allocating such debt: (1) the debt's purpose; (2) who incurred the debt; (3) which party benefitted from incurring the debt; and (4) which party is best able to repay the debt. *Id*. at *2.

In the case at bar, the trial court heard evidence of credit card debts, bank loans, loans from family, and a second mortgage on the Humes residence. The Husband challenges the allocation of the debt by the trial court, which essentially burdened the Husband with 90% of the parties' debt. Though there is little dispute as to which party incurred each debt, the record lacks evidence regarding who benefitted from the debt or the debt's purpose. In addition, the trial court made no findings concerning the four factors from *Alford*. Instead the trial court simply divided the various debts and, in the case of the second mortgage incurred by Husband, the court below did not find that it was "acquired properly as a marital debt." Because it considered the second mortgage a non-marital debt, the court below appeared not to consider any of the factors except for who had incurred that mortgage. Therefore, this Court must remand this case to the trial court for a determination of the proper allocation of the marital debts and marital property in accordance with the *Alford* decision.

### Attorney's Fees as Alimony *in Solido*

Because an award of attorney's fees is considered alimony *in solido*, the trial court must consider the relevant factors enumerated in Tenn. Code Ann. § 36-5-101(d)(1)(E) (2003). *Koja v. Koja*, 42 S.W.3d 94, 98 (Tenn. Ct. App. 2000) (citing *Herrera v. Herrera*, 944 S.W.2d 379, 390 (Tenn. Ct. App. 1996); *Cranford v. Cranford*, 772 S.W.2d 48, 52 (Tenn. Ct. App. 1989)). Because one of those factors to consider is "[t]he provisions made with regard to the marital property as defined in § 36-4-121" and this Court has remanded this cause for further findings on the issue of the parties' marital debts, we are unable to determine the propriety of an award of attorney's fees. Therefore, this Court vacates the trial court's award of attorney's fees and remands this cause for a determination of whether an award of attorney's fees is proper in light of the trial court's revised property division.

### Attorney's Fees on Appeal

Wife argues that she should be awarded her attorney's fees incurred on this appeal. The Tennessee Supreme Court has enumerated a number of factors to consider for determining whether to award a party his or her attorney's fees on appeal. These factors include the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered. *See Folk v. Folk*, 357 S.W.2d 828, 829 (Tenn. 1962). Given our disposition of this appeal, we hold that it would be improper and inequitable to award attorney's fees from this appeal to Wife. *See Seaton v. Seaton*, 516 S.W.2d 91, 93-94 (Tenn. 1974).

**Conclusion**

For the foregoing reasons, we vacate the decision of the trial court and remand this cause for further proceedings consistent with this opinion. Costs of this appeal are taxed equally to Appellant, Sidney W. Farnsworth, III, and his surety, and Appellee, Page J. Farnsworth, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE